IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BANEY CORPORATION,

 Plaintiff,

v.              Civil Action No. AW-10-683

AGILYSYS NV, LLC,

 Defendant.

\*\*\*\*\*\*

## MEMORANDUM OPINION

  Plaintiff and Defendant Baney Corporation and Agilysys NV, LLC have been unable to reach agreement regarding the confidentiality of discovery materials and inadvertent disclosures. On August 1, 2011, the parties submitted differing proposed versions of a Protective Order for consideration by the Court. *See* Doc. Nos. 61-62. Both proposals are based upon the form Stipulated Order Regarding Confidentiality of Disclosure of Privileged Material found in Appendix D of the Local Rules (Standard Form Order). The Court has examined both proposals and hereby resolves the disputed terms as follows:

1. The Court adopts the following language in paragraph 1(a) in accordance with the Court's Standard Form Order: "the designation of 'CONFIDENTIAL' *shall*[1] be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the word 'CONFIDENTIAL.'"

2. The Protective Order will not include any reference to the Maryland Uniform Trade Secrets Act.

3. The Court adopts the following language in paragraph 1(a): "One who provides material may designate it as 'CONFIDENTIAL' only when such person in good faith

---

[1] The disputed terms upon which the Court is ruling are italicized where necessary for ease of reference.

believes it contains sensitive personal information, *trade secrets*, *confidential financial information*, or other *confidential research, development, or commercial information* which is in fact confidential."

4. The "ATTORNEYS' EYES ONLY" designation is hereby available only to third parties and not to litigants. The Court finds that extending such a protection to litigants is not necessary in this case because the parties are not competitors.

5. The Court adopts the following language in subparagraph 1(d)(i): "Any such employee of outside counsel *to whom counsel for the parties makes a disclosure* shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence."

6. The Court adopts the following phrase proposed by Plaintiff in subparagraph 1(d)(i): "Outside counsel shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence, *and shall be responsible for compliance by their employees*."

7. Confidential information designated as "ATTORNEYS' EYES ONLY" may not be disclosed to the two in-house counsel employed by Defendant, as the Court finds that this would confer an unfair advantage upon Defendant, given that Plaintiff employs no in-house counsel.

8. The Court does not adopt the following phrase proposed by Plaintiff in subparagraph 1(e)(i): "Disclosure may not be made to any employees of a party, unless authorized in writing by the party producing such documents." Documents and information designated as "ATTORNEYS EYES ONLY" should only be disclosed to counsel.

9. The Court adopts Plaintiff's proposal for an expedited briefing schedule for motions challenging designation of materials as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." Any future delay relating to discovery should be minimized.

10. The Court adopts the following language in paragraph h(4) in accordance with the Court's Standard Form Order: "The provisions Fed. R. Civ. P. 37(a)(5) apply to such motions."

11. Both CONFIDENTIAL material and ATTORNEYS' EYES ONLY material must be returned to the producing party at the conclusion of the litigation. Parties should refer to the disputed phrases in paragraph h(4).

12. The Court adopts the following language in paragraph h(7) in accordance with the Court's Standard Form Order: "*Except in the event that the requesting party disputes the claim*, any documents the producing party deems to have been inadvertently disclosed and to be subject to the attorney-client privilege or the work product protection shall be, upon written request, promptly returned to the producing party or destroyed at that party's option."

A separate order will follow memorializing the various decisions made in this opinion.

| | |
|---|---|
|   August 4, 2011   |   /s/   |
| Date | Alexander Williams, Jr.<br>United States District Judge |